NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION | : : : : | MDL No. 1663 Civ. No. 04-5184 (GEB) |
| SLAY INDUSTRIES, SLAY TRANSPORTATION CO., INC., Plaintiffs, v. MARSH & MCLENNAN COMPANIES, INC., et al., Defendants. | : : : : : : : : : : : : : | Civ. No. 05-5698 (GEB) |
| EMERSON ELECTRIC CO., Plaintiff, v. MARSH & MCLENNAN COMPANIES, INC., et al., Defendants. | : : : : : : : : : : : : | Civ. No. 05-5697 (GEB) **MEMORANDUM OPINION** |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motions for remand of tag-along Plaintiffs: (1) Slay Industries and Slay Transportation Co., Inc. ("Slay"); and (2) Emerson Electric Co. ("Emerson") (collectively, "Plaintiffs"). [Docket # 1507, 1514] Defendants Marsh & McLennan Companies, Inc., et al. (collectively, "Marsh" or "Defendants") oppose Plaintiffs' motions. [#

1546] The Court will address both Plaintiffs' motions in this memorandum opinion. Having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, the Court will grant Plaintiffs' motions and suggest that the Judicial Panel on Multidistrict Litigation (the "MDL Panel") remand Plaintiffs' cases for the reasons that follow.

I. BACKGROUND

Plaintiffs' cases are similar in most important respects. Both Emerson and Slay are corporate entities based in the State of Missouri. (Emerson Compl.; Slay Compl.) [# 1508, 1515] Emerson filed a complaint against Marsh in the Circuit Court of the City of St. Louis, Missouri, on February 8, 2005. (Emerson Mot. Br. at 2.) [# 1515] Slay filed a complaint against Marsh in the Circuit Court of the City of St. Louis, Missouri on May 6, 2005. (Slay Mot. Br. at 2.) [# 1508] Each of Plaintiffs' complaints levy a number of Missouri state law claims against Marsh, and each complaint names an individual Marsh employee as a defendant. (Emerson Compl.; Slay Compl.) [# 1508, 1515] Both of the Marsh employees named in Plaintiffs' complaints are citizens of Missouri. (*Id.*) Marsh timely removed each of Plaintiffs' complaints to the United States District Court for the Eastern District of Missouri, and asserted the federal courts have diversity jurisdiction over these cases because Plaintiffs had fraudulently joined the Missouri citizen defendants.[1] (Marsh Opp'n Br. at 8.) [# 1546] Plaintiffs each challenged removal and filed timely motions to remand in the Eastern District of Missouri. (Emerson Mot. Br. at 2; Slay Mot. Br. at 2.) [# 1508, 1515] However, on August 5, 2005, before Plaintiffs' motions to remand were decided in the Eastern District of Missouri, the MDL Panel issued an order that

---

[1] It is undisputed that Plaintiffs' complaints assert no federal claims against Defendants and present no federal questions. No party argues that the federal courts have subject matter jurisdiction in this case if the parties' citizenship is not diverse.

2

conditionally transferred Plaintiffs' cases to the District of New Jersey for inclusion in MDL No. 1663, *In Re Insurance Brokerage Antitrust Litigation*.[2] (*Id.*) Since transfer to MDL No. 1663, Plaintiffs have participated in consolidated pre-trial proceedings, and significantly, have opted-out of all class settlements to date. (*Id.*)

Plaintiffs filed their present motions to remand in March, 2009.[3] [# 1507, 1514] In support of their motions, Plaintiffs argue that the Court should suggest remand of their cases because: (1) federal diversity jurisdiction does not exist, as the Missouri citizen defendants were not fraudulently joined; (2) whether or not federal jurisdiction exists, Plaintiffs' cases cannot benefit from, and will actually be prejudiced by, continued participation in MDL 1663; and (3) Plaintiffs' cases are similar to *KLLM*, another tag-along case that the MDL Panel remanded pursuant to the Court's suggestion. (Emerson Mot. Br.; Slay Mot. Br.) [# 1508, 1515] Marsh opposes Plaintiffs' motions, and argues in a consolidated brief that the Court should not suggest remand of Plaintiffs' cases at this time because: (1) federal diversity jurisdiction does exist, as the Missouri citizen defendants were fraudulently joined; (2) Plaintiffs' cases should remain in MDL 1663 to promote judicial economy, eliminate duplicative discovery, and prevent inconsistent rulings; and (3) the Court's *KLLM* decision is inapposite. (Marsh Opp'n Br. at 8.) [# 1546] Having considered the parties' arguments, the Court concludes that suggestions of remand are appropriate in both of Plaintiffs' cases for the reasons that follow.

---

[2] The Court assumes the parties' familiarity with MDL 1663, and for the sake of economy will not detail the factual background and procedural history of that litigation here.

[3] These motions come in the wake of the Court's recent suggestions that the MDL Panel remand the following tag-along cases to their respective transferor courts: *KLLM, Inc. v. Marsh, USA, Inc., et al.*, (Civ. No. 05-4046 (GEB)); *Cameron Offshore Boats, Inc. v. Marsh, USA, Inc., et al.*, (Civ. No. 05-5696 (GEB)); *U-Haul Federal Credit Union, et al. v. Marsh USA, Inc., et al.*, (Civ. No. 06-0593 (GEB)). In each case, the MDL Panel adopted the Court's suggestion and ordered remand.

## II. DISCUSSION

### A. Legal Standard

As the Court noted in *KLLM*, *U-Haul*, and *Cameron*, remand of a tag-along MDL case is governed by 28 U.S.C. § 1407(a), which provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Pursuant to Rule 7.6(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation:

> The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on
>
>   (i) motion of any party,
>
>   (ii) suggestion of the transferee district court, or
>
>   (iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

While the authority to remand a matter back to the transferor court lies solely with the Panel – pursuant to 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." Rule 7.6(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

4

Once a case has been transferred into an MDL, "a party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re INTEGRATED RESOURCES v. INTEGRATED RESOURCES EQUITY CORP.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994)(*citing In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125 (J.P.M.L. 1977)). "The Panel has made it clear that it will 'remand an action . . . prior to completed pretrial proceedings only upon a showing of good cause.'" *In re INTEGRATED RESOURCES,* 851 F. Supp. at 562 (*quoting In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978)).

In determining whether to remand a matter to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.* 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The Panel may exercise its discretion to remand "when everything that remains to be done is case-specific." *Id.* (*In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

When considering whether to remand a matter back to the transferor court, the transferee District Court is guided by the same standards employed by the Panel. *See id.* A suggestion of remand is appropriate when the transferee court has determined that its "role in the case has ended." *In re INTEGRATED RESOURCES*, 851 F. Supp. at 562.

**B. Application**

After applying the facts of Plaintiffs' cases to the legal standard above, the Court concludes that suggestions of remand are appropriate. Though Plaintiffs draw parallels between their cases and *KLLM*, the Court's recent decision in *U-Haul* provides a more compelling

exemplar. (*U-Haul* Mem. Op. 3/3/09 (Civ. No. 06-0593 [# 80])) In *U-Haul*, the Court was confronted with circumstances similar those presented by Plaintiffs' cases. Like Plaintiffs, the U-Haul Plaintiffs ("U-Haul") filed their complaint in state court, and therein levied only state law tort claims against Marsh. (*Id.*) Like Plaintiffs, U-Haul named an individual Marsh employee defendant whose joinder destroyed the parties' diversity on the face of the complaint. (*Id.*) As in the present cases, Marsh removed U-Haul's complaint from state court and asserted the individual Marsh employee defendant had been fraudulently joined. (*Id.*) As in the present cases, U-Haul objected to removal and filed a motion to remand in the transferor court that was not decided before that case was transferred to the District of New Jersey as part of MDL 1663. (*Id.*) As in the present cases, U-Haul opted out of all class settlements, and filed a renewed motion to remand in this Court. (*Id.*) Ultimately, after considering several unique factors presented by the *U-Haul* case, this Court suggested remand. (*Id.*) Applying a similar analysis here, the Court concludes that the presence of the following unique factors in Plaintiffs' cases renders suggestions of remand appropriate.

First, the Court agrees with Plaintiffs' contention that these cases will not benefit from, and may be prejudiced by, continued participation in MDL 1663. In fact, the Court finds compelling support for this conclusion in Marsh's opposition brief, which states:

> Slay and Emerson also have relied on the Discovery Order to complete significant discovery relating directly to their own policies. For example, Marsh and Emerson have exchanged Rule 26 disclosures, exchanged all documents specifically relating to Emerson's allegations and policies (Emerson produced 577 pages and Marsh produced 71,703 pages), and have completed all other written discovery. Similarly, Marsh and Slay exchanged Rule 26 disclosures, exchanged all documents directly relating to Slay's allegations and policies (Slay produced 442 pages and Marsh produced 38,294 pages), and have completed all other written discovery. With respect to both cases, Marsh, Emerson, and Slay have

6

noticed, though not yet taken, eleven depositions.

(Marsh Opp'n Br. at 9-10.) [# 1546] (internal citations omitted). Thus, Plaintiffs' cases require less than a dozen depositions before discovery is complete. Once discovery is complete, Marsh acknowledges that, "the case[s] will proceed to dispositive motion practice." (*Id.* at 10.) As such, it appears continued participation in MDL 1663 actually impedes the filing of dispositive motions, and thus a potentially prompt resolution to these nearly five-year-old cases. Despite Marsh's contentions to the contrary, given the minimal discovery that remains, the Court concludes that at this stage of litigation, Plaintiffs' cases will proceed most promptly and efficiently if they are remanded. This factor weighs heavily in favor of remand.

Second, since their cases were removed, each Plaintiff has consistently asserted that the federal courts lack subject-matter jurisdiction. As both cases are proceeding towards the filing of dispositive motions, Plaintiffs' challenges to federal subject matter jurisdiction must be decided. Undeniably, the resolution of Plaintiffs' jurisdictional challenges will require a court to consider and decide detailed issues of substantive Missouri state statutory and common law. Further, if federal subject matter jurisdiction does exist in either of these cases, adjudication of dispositive motions will also require the application of Missouri state statutory and common law. The Court believes that such a detailed review may best be undertaken by the court that sits in that state and more frequently applies the law that controls Plaintiffs' cases. For that to happen, the MDL Panel must remand this case to the Eastern District of Missouri. This factor also weighs heavily in favor of remand.

In light of the two compelling factors noted above, this transferee Court perceives its role in Plaintiffs' cases to have ended, and concludes that suggestions of remand are appropriate.

### III.     CONCLUSION

For the reasons discussed above, the Court will grant Plaintiffs' motions and suggest the MDL Panel remand these cases to the Eastern District of Missouri.  In doing so, the Court emphasizes that this conclusion is the result of the unique factors presented by Plaintiffs' cases weighed together.  An appropriate form of order accompanies this memorandum opinion.

Dated: June 30, 2009

      /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.